UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JULIAN COWELL,

                Petitioner,

      v.

RAYMOND CUNNINGHAM,
Superintendent of Woodburne Correctional Facility,

                Respondent.

------------------------------------------------------------x

06 Civ. 0793 (GEL)

**OPINION AND ORDER**

GERARD E. LYNCH, District Judge:

    Julian Cowell, a New York State prisoner, petitions for habeas corpus, challenging his conviction and sentence to a term of 15 years to life for murder. The petition will be denied.

    Cowell first argues that the state courts erred by refusing to suppress his admission to police officers that he had killed his roommate, tried to dispose of her body by burning it, and then dismembered it and stashed the pieces in various places throughout the building.

    Because the Appellate Division considered Cowell's claim and rejected it on the merits (notwithstanding the fact that Cowell ultimately pled guilty), habeas may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of," Supreme Court precedent, 28 U.S.C. § 2254(d)(1), or was based on an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Cowell does not challenge the factual determinations of the state courts, which were based on the testimony of the officers involved.

Nor was the decision an unreasonable application of Supreme Court precedent. The Constitution prohibits introduction of statements obtained through custodial interrogation unless the suspect was first advised of his rights. Miranda v. Arizona, 384 U.S. 436 (1966). But Miranda warnings need not precede police questioning when the suspect is not in custody, since the warnings are needed only to counter the "inherently coercive" effects of police custody. Id. at 533. A suspect is in custody when a reasonable person in his situation would not have felt free to leave. Thompson v. Keohane, 516 U.S. 99, 112 (1995).

The Appellate Division's conclusion that Cowell was not in custody was not only reasonable, but correct. The evidence at the suppression hearing supports the conclusion that the police went to the apartment shared by Cowell and his victim to investigate the victim's missing-person status. Cowell voluntarily admitted the officers into the apartment, showed them the victim's room, and attributed the "strong odor," reminiscent of "decaying flesh," to unchanged cat litter. (Tr. 9, 11-13). Cowell was "helpful" and cooperative with the officers, who left after 15 minutes to investigate the basement. (Id. at 11).

When the officers returned to the apartment, Cowell again voluntarily let them in and consented to their search of various places in the apartment. After one of the officers, on Cowell's consent, put his hand into a duffel bag and encountered an unexplained brown fluid, Cowell admitted that the bag contained "her body" and advised that "[t]he rest of her is in the basement, in the garbage." (Id. at 19). Only then was Cowell placed under arrest and transported to the precinct, where he was fully advised of his rights and further interrogated.

The state courts' conclusion that Cowell was not in custody during the encounter at his apartment was eminently reasonable. Cowell had not been arrested or told he could not leave.

2

The officers made no show of force and were present solely on Cowell's invitation. The officers did not convey to Cowell that they considered him a suspect, nor did they restrain his freedom of movement. (Indeed, Cowell could have left the apartment after the officers' first visit, when they left him unguarded. Cowell himself related, in his subsequent, post-Miranda-warning, videotaped statement, that the officers did not interfere when he left the room to get a drink of water as they probed the crucial duffle bag.) Cowell was "very cooperative," (id. at 16), and did not appear intimidated.

Where it is "perfectly reasonable to infer that [a suspect] chose to cooperate with the police . . . to appear to assist in [their investigation,] and to avert suspicion on their part," no custodial interrogation has occurred. Connolly v. Filion, No. 01 Civ. 01256 (RCC) (MHD), 2001 U.S. Dist. LEXIS 25422 (S.D.N.Y. Dec. 21, 2001) at *71 (report of Magistrate Judge) (accepted and adopted by Connolly v. Filion, No. 01 Civ. 01256 (RCC), 2003 WL 22056925 (S.D.N.Y. Sept. 3, 2003) at *2). Moreover, the entire encounter took place in Cowell's home, and, "absent an arrest, interrogation in the familiar surroundings of one's own home is generally not deemed custodial." U.S. v. Newton, 369 F.3d 659, 675 (2d Cir. 2004). See also U.S. v. Mitchell, 966 F.2d 92, 99 (2d Cir. 1992) (same).

Under these circumstances, the Appellate Division correctly concluded that Cowell was not in custody. People v. Cowell, 782 N.Y.S.2d 458, 459 (1st Dep't 2004).

Cowell's second contention fares no better. Cowell argues that his guilty plea, entered in the middle of his trial, was involuntary and the result of ineffective assistance of counsel, because his attorney had threatened him and misinformed him about the sentencing consequences of his plea. When this claim was presented in a post-trial motion, then-Justice

3

(now United States District Judge) Dora Irizarry rejected it on the merits. This decision was also entirely reasonable. In entering his plea, Cowell specifically denied that "anybody . . . threatened [him] or coerced [ him] in any way." (Plea. Tr. 4). Moreover, the judge specifically advised Cowell of the sentence he was going to impose if Cowell entered a guilty plea. (Id. at 5). The state court thus reasonably determined that any alleged misinformation from defense counsel could not have prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In any event, Cowell's plea agreement secured him the statutory minimum sentence of 15 years to life in a case in which the evidence of his guilt was overwhelming.

Accordingly, Cowell's arguments are without merit, and his petition for habeas corpus is therefore denied. As petitioner has not made a substantiated showing of a denial of his constitutional rights, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000).

SO ORDERED.

Dated: New York, New York
August 4, 2006

GERARD E. LYNCH
United States District Judge

4